UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH DIXON,

   Plaintiff,

v.

ROBERTO M. RODRIQUEZ, and
AHR CONSTRUCTION, INC.,

   Defendants.

Civil No. 06-597 (JNE/JJG)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

**I. BACKGROUND**

Plaintiff alleges that on January 10, 2006, and January 13, 2006, Defendant Roberto M. Rodriquez entered his home without permission. According to the complaint, Rodriquez entered Plaintiff's home "by means of malicious destruction, vandalism, and illegal forced entry, by breaking down the secured house doors." (Complaint, [Docket No. 1], p. 1, ¶ 1.) Plaintiff further alleges that he confronted Defendant Rodriquez in the kitchen of his home, but his complaint does not describe what happened thereafter.

Plaintiff is now attempting to sue Rodriquez, as well as a co-defendant named AHR Construction, Inc., whose involvement in this matter is not explained in the complaint. Plaintiff claims that Defendants violated his federal constitutional rights, including his right to privacy, by entering his home without permission. He is seeking a money judgment against Defendants in the amount of $10,000,000.00.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

In this case, Plaintiff has not pleaded any cognizable claim that can be entertained in federal court. Although Plaintiff purportedly is seeking relief for alleged violations of his federal constitutional rights, he cannot maintain such a claim, because there are no allegations in his complaint which suggest that Defendants are government agents.

The Constitution generally does not protect citizens from purely private acts or omissions by private parties acting in their own personal capacities, regardless of how offensive such acts or omissions might be. Montano v. Hedgepeth, 120 F.3d 844, 848 (8th Cir. 1997) (the Constitution provides "a shield exclusively against governmental misconduct... [and] provides no protection against private behavior, no matter how egregious"). The constitutional right to privacy, as well as other constitutional rights, protect citizens only from the actions of governmental entities or agents. See Polin v. Dun & Bradstreet, Inc., 768 F.2d 1204, 1207 (10th Cir. 1985) (the constitutional right to privacy "exists only against acts of a

federal or state government... it does not extend to a private party"); Skinner v. Railway Labor Executives Association, 489 U.S. 602, 614 (1989) (Fourth Amendment does not apply to search and seizure by private party); Suarez v. Wimes, 996 F.2d 966 (8th Cir. 1993) (per curiam) (relief for violations of constitutional rights is available under 42 U.S.C. § 1983, but only for acts or omissions by parties acting under color of state law). Thus, only governmental entities and agents can be sued for violating a citizens constitutional rights.

Here, Plaintiff's complaint fails to state a cognizable claim for violations of his constitutional rights, because there is no indication that either Defendant Rodriguez or Defendant AHR Construction, Inc., is anything other than a private party. Therefore, Defendants cannot be sued for violating Plaintiff's federal constitutional rights.

The allegations in the complaint, (if provable), might very well support an actionable claim against Defendant Rodriquez based on some common law tort theory, such as trespass or conversion, which could perhaps be prosecuted in state court. However, without diversity of citizenship,[1] federal courts do not have subject matter jurisdiction over claims based on state law. Therefore, even though the facts alleged by Plaintiff might support a state common law tort claim, this action still must be dismissed for lack of federal subject matter jurisdiction.

In sum, because Plaintiff has not identified, (and the Court cannot independently discern), any grounds for federal subject matter jurisdiction, Plaintiff's current claims for relief cannot be litigated in federal court. Thus, the Court will recommend that this action be

---

[1] Federal subject matter jurisdiction cannot be invoked under 28 U.S.C. § 1332, based on diversity of citizenship, because it appears that both Plaintiff and Defendants are Minnesota residents.

summarily dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's pending application to proceed IFP be denied.

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Dated:   March 13, 2006

                                            s/Jeanne J. Graham

                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 30, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.